UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CATHY WOODS (aka ANITA CARTER),
by and through her Personal
Representative Linda Wade,

                           Plaintiff,

     v.

CITY OF RENO, *et al.,*

                       Defendants.

Case No. 3:16-cv-00494-MMD-VPC

ORDER

       Plaintiff Cathy Woods aka Anita Carter was exonerated in September 2014 through DNA evidence, after having served over 35 years for a murder crime. Plaintiff sues law enforcement officers who were involved in the investigation that led to her charge and conviction, the county district attorney who oversaw the investigation and the City of Reno and Washoe County. Defendants have moved for dismissal. (ECF Nos. 28, 31, 32.) In response, Plaintiff moves to amend her complaint ("Plaintiff's Motion"). (ECF No. 39.) Defendants oppose (ECF Nos. 44, 52) and Plaintiff has replied (ECF Nos. 47, 59). For the reasons discussed below, Plaintiff's Motion is granted and Defendants' motions are denied as moot.

       Fed. R. Civ. P. 15 allows amendment only by leave of the court once responsive pleadings have been filed and in the absence of the adverse party's written consent. Fed. R. Civ. P. 15(a); *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 799 (9th Cir. 2001), *superseded by statute on other grounds as stated in Weaving v. City of Hillsboro,*

763 F.3d 1106, 1112 (9th Cir. 2014). The court has discretion to grant leave and should freely do so "when justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (quoting Fed. R. Civ. P. 15(a)). Nonetheless, courts may deny leave to amend if it will cause: (1) undue delay; (2) undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). "In exercising its discretion, 'a court must be guided by the underlying purpose of Rule 15 — to facilitate a decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

Plaintiff insists that she is seeking leave to amend to add allegations to address the issues raised in Defendants' motions to dismiss. (ECF No. 39.) Defendants respond that Plaintiff adds more allegations, drops one defendant and the allegations in the proposed complaint are not sufficient to show personal jurisdiction over the two out of state defendants. (ECF Nos. 47, 59.)

The Court agrees with Plaintiff that the Court should grant leave to amend, given Rule 15's liberal standard. Defendants argue that amending the complaint to counter their motion to dismiss demonstrates a lack of good faith. (ECF No. 44 at 3.) To the contrary, judicial economy is served where, as here, a plaintiff seeks leave to amend the complaint to address the issues asserted in a motion to dismiss to minimize court intervention. As for the issue of whether the additional allegations asserted in the proposed amended complaint are enough to give the Court personal jurisdiction over the two out of state defendants, the Court finds that it would also serve the purpose of judicial economy to resolve that issue in a subsequent motion to dismiss, where the Court has the benefit of full briefing based on the allegations in the amended complaint instead of piece meal arguments raised in Defendants' opposition to Plaintiff's Motion and Plaintiff's reply.

It is therefore ordered that Plaintiff's motion to for leave to file second amended complaint (ECF No. 39) is granted. Defendants' motions to dismiss (ECF Nos. 28, 31, 32)

and motion to file excess page (ECF No. 39) are denied as moot. The stipulation for extension of time (ECF No. 49) is granted *nunc pro tunc*.

DATED THIS 4th day of April 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE