UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CATHY WOODS,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF RENO, et al.,<br><br>        Defendants. | Case No. 3:16-cv-00494-MMD-DJA<br><br>**ORDER** |

Presently before the Court is Plaintiff Cathy Woods' Motion for Leave to Amend One Answer to Former Defendant Dunlap's Requests for Admission (ECF No. 243), filed on April 9, 2020. Defendants Lawrence C. Dennison and City of Reno filed a Response (ECF No. 246) (Corrected Image ECF No. 247) on April 23, 2020. Defendants Donald W. Ashley and Clarence A. Lewis' filed a Response (ECF No. 248) (Corrected Image ECF No. 253) on April 27, 2020. Plaintiff filed a Reply (ECF No. 250) on April 30, 2020 and another Reply (ECF No. 255) on May 4, 2020. The Court finds this matter properly resolved without a hearing. See Local Rule 78-1.

**I.    BACKGROUND**

The parties are familiar with the facts of this matter and the Court will only repeat them here as necessary. This matter concerns Plaintiff's claims regarding alleged civil rights and tort violations based on her conviction for the murder of Michelle Mitchell. Plaintiff seeks an order permitting her to amend her answer to the request for admission ("RFA") No. 47 served by former Defendant Calvin Dunlap in his second requests for admission. (ECF No. 243). It reads, "Admit that on March 7, 1979, you told Lt. Dennison that you had the knife that you used to kill the woman in Reno at your home in Shreveport." Plaintiff contends that she inadvertently admitted it when the answer should have been denied. She also argues that neither motion for

summary judgment references nor points to this RFA and her answer. Plaintiff claims she contacted defense counsel on April 6, 2020 to explain that RFA No. 47 was inadvertently admitted and requested to change her answer to denied consistent with the allegations in the Complaint and her deposition testimony.

Plaintiff argues that she meets the standard to amend her answer because that would facilitate presentation of this case on the merits as she has consistently denied having the knife in her home. (ECF No. 243). She also contends that Defendants cannot articulate any prejudice with permitting her to amend her answer to a denial. In fact, she argues that the RFA was served by a Defendant no longer in the case, as a settlement was reached, and none of the remaining Defendants relied on the answer in the pending dispositive motions. Moreover, she contends that none of the remaining Defendants even have standing to oppose her request as they did not serve the RFA at issue. Plaintiff also explains the delay in requesting amendment is only because the answer was just one of 173 answers to RFAs in this case and she only discovered it when responding to the motions for summary judgment.

Defendants Lawrence Dennison and City of Reno respond that Plaintiff's admission was made approximately 20 months ago, before all but two depositions were taken, and conclusively established that she made that statement so she was not questioned as to whether the murder weapon was at her home. (ECF No. 247-1). As such, they claim prejudice would result because they conducted discovery, including expert discovery and depositions relying on that admission. Further, they argue that Plaintiff provided contradictory information in her deposition, which does not give her a basis for withdrawing the admission. Also, Defendants contend that Plaintiff's operative Complaint contains contested allegations so making her admission answer consistent with the Complaint is not a basis to withdraw the admission. They also claim that they have standing to object even though they did not serve the RFA because the withdrawal affects them and would result in unfair prejudice because they would not get to redo discovery and dispositive motions.

Defendants Donald W. Ashley and Clarence A. "Jackie" Lewis respond that the admission was made nearly two years ago that Plaintiff had the knife she used to murder a woman in her

1  home. They argue that not only has discovery been closed for nearly a year since she made the
2  admission, but also, that they relied on that admission in their summary judgment motion because
3  they treated that fact as conclusively established. (ECF No. 253). Defendants highlight that
4  Plaintiff's arguments in her opposition to their motion for summary judgment regarding her
5  claims of fabrication of evidence rely on withdrawal of this admission. However, they claim she
6  is only seeking to withdraw the admission because it currently forecloses many of her arguments
7  regarding the fabrication of documents in light of her new claims against the Louisiana
8  Defendants. Defendants contend that permitting Plaintiff to change the core allegation of this
9  case at this late point is prejudicial. They also claim that her deposition testimony contradicted
10 her previous discovery responses and admissions and is unreliable. In fact, they include a chart of
11 examples of the admitted facts versus contradictory deposition testimony. (ECF No. 253, pp. 7-
12 8).
13      Plaintiff files two replies in which she claims that she has met both prongs of the Rule
14 36(b) test as the knife issue goes to the merits of her case and Defendants are not prejudiced.
15 (ECF Nos. 250 and 255). She claims that the same exact discovery would have been conducted
16 and no prejudice can be shown for trial. Further, Plaintiff argues that the Reno Defendants did
17 not rely on the RFA in their motion for summary judgment and reliance on it only in a motion for
18 summary judgment is not enough to constitute prejudice. She also claims that the Louisiana
19 Defendants are correct in that RFA No. 47 relates to one piece of evidence that she claims was
20 fabricated by them, but that this is just one of the many factual disputes between the parties and
21 they could not establish prejudice at trial. Therefore, she requests that the Court grant the Motion.

22 **II.     DISCUSSION**

23      Pursuant to Fed.R.Civ.P. 36(b), a "matter admitted under this rule is conclusively
24 established unless the court, on motion, permits the admission to be withdrawn or amended." *Id*.
25 The Court can exercise its "discretion to grant relief from an admission made under Rule 36(a)
26 only when (1) 'the presentation of the merits of the action will be subserved' and (2) 'the party
27 who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice
28

that party in maintaining the action or defense on the merits.'" *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007).

Preliminarily, the Court finds Plaintiff's argument that Defendants do not have standing to challenge her request because the former Defendant Dunlap served it to be meritless. The Court considers the prejudice to the remaining Defendants as part of its Rule 36(b) analysis. The first Rule 36(b) factor favors granting the Motion as the admission at issue harms Plaintiff's case. *Conlon*, 474 F.3d at 622 ("[B]ecause upholding the deemed admissions eliminated any need for a presentation on the merits, [plaintiff] satisfies the first prong of the test in Rule 36(b)."). Plaintiff seeks to oppose the motions for summary judgment on her fabrication of evidence claims and the admission is contrary to her arguments in her opposition.

However, as in *Conlon*, the Court finds that the second factor favors denying the Motion. *See id.* at 622-26 (affirming district court's denial of Rule 36(b) motion, though it was fatal to the plaintiff's case, where granting the motion would have prejudiced the defendant because the defendant "relied on the admissions for a total of two and a half months, through the discovery and dispositive motion cut-off dates, with no indication that [the plaintiff] intended to file a motion to withdraw his admissions," and only eight days remained before trial when the plaintiff filed his Rule 36(b) motion). Here, even Plaintiff admits that over a year has passed since RFA No. 74 was deemed admitted. Significant discovery was conducted since her admission including 28 of the 30 depositions. Further, Defendants contend expert discovery was conducted in which the experts were provided with the admission to review. Moreover, the motions for summary judgment have been filed since discovery has closed and now the dispositive motions deadline has passed.

Indeed, although Plaintiff's counsel pleads with the Court to find the delay in seeking the amendment of RFA No. 47 is based on good cause as he only discovered it when preparing the opposition to Defendants' motions for summary judgment, the Court finds that the delay is too prejudicial at this late stage of the case. Her request to utilize the safe harbor provision in this situation after well over a year of delay and with only the trial date to be set is not well-founded. Similarly, in *Lee v. Caesars Entertainment Corp.*, 2018 WL 6591798, Case No. 3:17-cv-430-

MMD-CBC, at *4 (D. Nev. Dec. 14, 2018), Judge Du noted that she would not permit withdrawal of the admission because the discovery and dispositive motion deadlines had long passed, Plaintiff waited nearly ten months to attempt to amend his deemed admission without seeking the Court's leave as Rule 36(b) requires, and Defendant relied on the admission.  Here, Plaintiff claims that no prejudice was shown by Defendants at trial, rather than at the dispositive motions stage.  However, the Court is not persuaded.  Plaintiff tries to characterize this as one small fact issue, but even if that is true, this one small fact issue would be an added burden on trial, which Defendants claim would have affected their discovery during this case.  Moreover, if this is truly one small fact issue, which Plaintiff even admits is not dispositive, then it cuts against permitting the amendment at this late stage.  Therefore, the Court will deny Plaintiff's request to amend RFA No. 47 by utilizing its discretion under Fed.R.Civ.P. 36.

### III.     CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff Cathy Woods' Motion for Leave to Amend One Answer to Former Defendant Dunlap's Requests for Admission (ECF No. 243) is **denied.**

DATED: May 13, 2020

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE